# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**EXIOM SITE SERVICES, LLC**<br>**DEBTOR**<br><br>**CHRISTOPHER J. MOSER, TRUSTEE**<br>   **PLAINTIFF**<br><br>v<br><br>**ROADSTAR TRUCKING SERVICES, LLC**<br>   **DEFENDANT** | **CASE NO. 16-40401**<br>**CHAPTER 7**<br><br><br>**ADVERSARY NO. 16-_____** |

## COMPLAINT TO RECOVER PREFERENCE FROM ROADSTAR TRUCKING SERVICES, LLC

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

COMES NOW Christopher J. Moser, (the "Trustee"), the duly-appointed trustee of Exiom Site Services, LLC (the "Debtor"), and files his Complaint against Roadstar Trucking Services, LLC, respectfully stating as follows:

### PARTIES

1. The Trustee, as trustee of the estate of the Debtor (the "Estate"), is the Plaintiff herein in such capacity and may be served in this Adversary Proceeding through his undersigned counsel.

2. Roadstar Trucking Services, LLC is a business entity doing business in the State of Texas and may be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this Complaint and the duly-issued Summons in this Adversary Proceeding, via U.S. first class mail, postage prepaid, to Roadstar Trucking Services, LLC, PO Box 154346, Irving TX 75015.

### JURISDICTION

3. On March 2, 2016 ("Petition Date"), Exiom Site Services, LLC ("Debtor") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code thereby initiating Case No. 16-40401

with this Court (the "Bankruptcy Case"). Christopher J. Moser was thereafter appointed interim trustee of the estate, subsequently qualified and is now the acting Chapter 7 Trustee.

4. The Court has subject matter jurisdiction over the Bankruptcy Case and this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. This Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(E) and (O). The Trustee hereby consents to the Court's entry of a final judgment in this Adversary Proceeding.

6. Venue of the Adversary Proceeding in this District is proper pursuant to 28 U.S.C. § 1409.

7. Pursuant to Fed. R. Bankr. P. 7004(f), the Court has personal jurisdiction over the Defendant.

## FACTUAL BACKGROUND

8. The Debtor is a Texas limited liability company which previously provided excavation and construction site preparation work as well as certain other ancillary construction services.

9. On or within ninety (90) days of the Petition Date, the Debtor made the following payments to the Defendant on account of goods and or services provided for the Debtor:

| DATE | CHECK NO. | AMOUNT |
|---|---|---|
| 12/17/2015 | 10632 | $35,275.35 |
| 12/21/2015 | 10641 | $20,280.00 |
| 01/26/2016 | 11004 | $20,000.00 |
| 02/19/2016 | 11145 | $16,040.00 |
| | TOTAL | $91,595.35 |

(The "Preferential Payments").

10. The Defendant has previously provided the Trustee with sufficient evidence to support a "New Value" defense in the amount of $11,409.52. Accordingly, the Trustee seeks the recovery of $80,185.83.

## CAUSES OF ACTION

### Count 1:  Avoidance of Preferential Payments  [11 U.S.C. § 547]

11. On or within ninety (90) days of the Petition Date, the Debtor transferred the Preferential Payments to the Defendant.  The Preferential Payments were made from property of the Debtor; were made to or for the benefit of Defendant; were for or on account of an antecedent debt owed by the Debtor to Defendant before such payment was made; were made while the Debtor was insolvent; and enabled Defendant to receive more than it would receive in this Chapter 7 Bankruptcy Case if the Preferential Payments had not been made and Defendant received payment of the debt associated with the Preferential Payments to the extent provided by applicable provisions of the Bankruptcy Code.

12. Based upon the foregoing, and pursuant to Section 547(b) of the Bankruptcy Code, the Trustee hereby sues Defendant for avoidance of the Preferential Payments.

### Count 2:  Recovery of Preferential Payments - Transfers and Post-Petition Payments, or Value of Such Payments and Transfers  [11 U.S.C. § 550]

13. Pursuant to Section 550(a) of the Bankruptcy Code, the Trustee hereby sues Defendant for recovery of the Preferential Payments or the value of same, totaling $80,185.83, for the benefit of the Estate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee hereby requests the Court to enter judgment against the Defendant on each of the claims asserted by the Trustee herein, and provide the following relief to the Trustee:

(a) The avoidance of the Preferential Payments pursuant to 11 U.S.C. § 547(b);

(b) The Trustee's recovery of the Preferential Payments or the value of same, totaling $80,185.83 from the Defendant, for the benefit of the Estate pursuant to 11 U.S.C. § 550(a);

(c) The Trustee's recovery from the Defendant of pre- and post-judgment interest, at the highest level permitted by law, on all amounts awarded to the Trustee;

(d) The Trustee's recovery from the Defendant of all costs incurred in connection with the prosecution of this Adversary Proceeding; and

(e) The provision to the Trustee of all such other and further relief as to which the Trustee has shown or hereafter shows himself and/or the Estate to be justly entitled in law or in equity.

Respectfully submitted,

**THE BUFKIN LAW FIRM**

*/s/ Richard L. Bufkin*
Richard L. Bufkin
State Bar No. 03316950
3811 Turtle Creek Boulevard, Suite 800
Dallas TX 75219-4550
Telephone: (972) 808-9791
Facsimile: (972) 808-9795
Email: *Dick@Bufkinlaw.com*

***Special Counsel to Christopher J. Moser, Trustee***